**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANDREW U.D. STRAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  21-3079 (UNA) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION</u>**

It appears that the Indiana Supreme Court suspended plaintiff's license to practice law in Indiana, *see* Compl. ¶ 65, and based on the Indiana suspension, plaintiff is barred from practicing law in four federal districts: Southern District of Indiana, Northern District of Indiana, Northern District of Illinois and Western District of Wisconsin, *see id.* ¶¶ 7, 66-69.  Further, plaintiff alleges that the United States Court of Appeals for the Seventh Circuit has "banned [him] from the federal courts under its control[.]"  *Id.* ¶ 22; *see id.* ¶ 26.  Plaintiff argues that a law license is property, *see id.* ¶¶ 41, 43-45, 52, and having lost his license, he suffers economic harm and damage to his professional reputation, *see id.* ¶¶ 19, 48.  He contends that the federal government has taken his property without compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution, *see id.* ¶¶ 10, 13, 39-42, and demands an award totaling $5 million, *see id.* ¶ 71.

Plaintiff is under the mistaken impression that one federal district court may review, reverse or overturn the rulings of other federal district courts or a state court.  As a general rule applicable here, a federal district court lacks jurisdiction to review the decisions of other courts. *See, e.g., Hankins v. North Carolina*, No. 21-CV-01066, 2021 WL 4785032, at *1 (D.D.C. June 14, 2021) ("[I]f this Court were to entertain the plaintiff's claims, it would necessarily need to

1

review and overturn rulings of a North Carolina court over which it lacks jurisdiction"), *aff'd*, No. 21-5156, 2021 WL 4765428 (D.C. Cir. Oct. 7, 2021); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (noting that federal district court "generally lacks appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts"); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).  This Court is persuaded by the reasoning of the United States Court of Appeals for the Federal Circuit, which affirmed the dismissal of plaintiff's "takings" claims for lack of subject matter jurisdiction:

> The alleged takings that Mr. Straw asserts invoke the propriety of district court decisions.  Whether a taking occurred depends in whole or in part on whether the district court decisions were correct.  One set of alleged takings contemplates reviewing the propriety of each district court's decision to suspend Mr. Straw's ability to practice in that federal district.  The other set of alleged takings requires reviewing whether the dismissal orders precipitated the loss of Mr. Straw's Indiana license by improperly characterizing his lawsuits as "frivolous."  The Claims Court does not have the jurisdiction to review these district court decisions, and we therefore uphold both dismissals.

*Straw v. United States*, Nos. 2021-1597 and 2021-1598, 2021 WL 4772463, at *2 (Fed. Cir. Oct. 13, 2021).

Accordingly, the Court will grant plaintiff's motion to proceed *in forma pauperis*, deny his motion for CM/ECF password without prejudice, and dismiss the complaint and this civil action without prejudice.  A separate order accompanies this Memorandum Opinion.

DATE: November 29, 2021                    /s/
                                           COLLEEN KOLLAR-KOTELLY
                                           United States District Judge